46 Pa. Commonwealth Ct. 58 (1979)
Duquesne Light Company, Petitioner
v.
Reno A. Diggs, Respondent.
No. 2321 C.D. 1978.
Commonwealth Court of Pennsylvania.
Argued May 10, 1979.
September 14, 1979.
*59 Argued May 10, 1979, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.
John A. Lee, for petitioner.
C. William Berger, with him Berger, Kapetan, Malakoff & Meyers, for respondent.
OPINION BY JUDGE MENCER, September 14, 1979:
Reno A. Diggs (claimant), while in the course of his employment with Duquesne Light Company (employer) on July 7, 1976, injured his back when dumping trash from one container to another container. Notice of the injury was not given to the employer until September 16, 1976.
The claimant filed a workmen's compensation claim petition on October 20, 1976, and a referee determined that the claimant sustained a work-related injury on July 7, 1976 and awarded compensation at the weekly rate of $125.33 from September 17, 1976, the date on which the claimant first lost compensable time and wages. The referee also awarded the claimant all medical expenses related to the injury.
The employer appealed the referee's decision on the single issue of the propriety of awarding to claimant medical expenses incurred by the claimant prior *60 to September 16, 1976,[1] the date claimant notified his employer of the injury. The Workmen's Compensation Appeal Board affirmed the referee's determination and this appeal followed. We reverse.
Section 311 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended (Act), 77 P.S. § 631, provides, in pertinent part:
Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall *61 give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given. . . .
In Workmen's Compensation Appeal Board v. Del-Cimmuto, 23 Pa. Commonwealth Ct. 43, 350 A.2d 459 (1976), we held that the word "compensation", as employed in various sections of the Act, includes medical services.[2]
Here, the referee found that the claimant was injured on July 7, 1976 and did not give the employer notice of the injury until September 16, 1976, a date more than 21 days after the injury. These findings are not contested by the claimant and are amply supported by the evidence of record. Section 311 of the Act mandates[3] that, absent the giving of the required notice within 21 days after the injury, no compensation shall be due until such notice is given, and therefore, under the facts of the instant case; no compensation, including payment for medical expenses, was due and owing to the claimant until September 16, 1976.
Accordingly, we make the following

ORDER
AND NOW, this 14th day of September, 1979, the order of the Workmen's Compensation Appeal Board, *62 dated August 1, 1978, is modified to provide that Duquesne Light Company shall pay Reno A. Diggs' medical expenses incurred after September 16, 1976 and related to and necessitated by the injury which Reno A. Diggs sustained in the course of employment for Duquesne Light Company, and the subrogation claim of Pennsylvania Blue Shield, which are as follows:

 (a) Dr. Rene A. Gonzales $ 24.00
 (b) St. Francis General Hospital 2,255.40
 (c) Dr. V.T. Worrall ($90 paid by
 Blue Shield) 1,345.00
 (d) Neurological-neurosurgical Associates
 ($20 paid by Blue
 Shield) 25.00

and in all other respects the said order, as modified, is hereby affirmed.
NOTES
[1] All medical expenses, the subject of this litigation, were incurred by claimant between September 3, 1976 and September 16, 1976. Claimant contends that these expenses, being incurred within 21 days of his giving notice of his injury, are compensable and must be paid by the employer, since the claimant did not suffer such an effect from the injury as required him to seek medical attention or lose time from work prior to September 3, 1976. Judge WILKINSON, JR., writing for this Court in Workmen's Compensation Appeal Board v. Paris Neckwear Co., 22 Pa. Commonwealth Ct. 543, 546, 350 A.2d 212, 214 (1976), aptly answered the argument advanced by claimant here:

The time for giving notice does not begin to run until the claimant knows, or should know, of the injury and its relation to his employment only in cases of injury resulting from causes in which the nature of the injury or its relation to employment is not known to the employee. The Act specifically gives an example of such an injury, radiation.
In the instant case, the claimant immediately knew she was injured and knew the nature of her injury, a back injury. Section 312 of the Act, 77 P.S. § 632, explains the type of notice contemplated by the law:
`[N]otice . . . sufficient to inform the employer that a certain employe, by name, received an injury, the character of which is described in ordinary language, in the course of his employment on or about a time specified and at or near a place specified.'
Claimant could and should have informed her employer that she suffered a back injury while engaged as a splitter in his plant. . . .
[2] Section 306(f) c.d. of the Act, 77 P.S. § 531(1), provides, in part, as follows.

The following schedule of compensation is hereby established:
. . . .
(f) The employer shall provide payment for reasonable surgical and medical services. . . . (Emphasis added.)
[3] The time limit prescribed in Section 311 of the Act is mandatory and, unless there is fraud or its equivalent present or some other act on the part of the employer which prejudices the claimant, the courts have no authority to extend the time for giving the required notice. Canterna v. United States Steel Corp., 12 Pa. Commonwealth Ct. 579, 317 A.2d 355 (1974).