Asten Hill Manufacturing Co., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Helen Adams, Respondents.

Submitted on briefs, December 8, 1980, to Judges
WILKINSON, JR., CRAIG and PALLADINO, sitting as a
panel of three.

*Michael P. McKenna*, with him *L. V. Jackson*, for
petitioner.

*Joseph V. Furlong*, for respondent, Helen Adams.

OPINION BY JUDGE WILKINSON, JR., January 7, 1981:
Petitioner appeals an order of the Workmen's
Compensation Appeal Board (Board) awarding dis-
ability benefits to claimant. We affirm.

Claimant worked for petitioner as a bobbin winder
from May 1, 1946 to November 9, 1973. For five

months in 1970 claimant was laid off while the plant was closed. Throughout her employment claimant worked with asbestos yarn; she testified as to the dusty conditions around her machine and the penetration of the asbestos into her hands.

In September 1973 claimant was hospitalized for a heart condition and shortness of breath. At that time she was told she had asbestos fibers in her lungs. In November 1974 claimant went to a cardiology specialist. From a physical exam, an electrocardiogram, a chest x-ray, and pulmonary function studies, the physician concluded that on November 12, 1974, by virtue of her exposure for a number of years to asbestos, claimant had asbestosis in addition to hypertensive and coronary heart disease and was disabled therefrom.

Claimant filed in September 1975 a claim petition under the occupational disease provisions of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.; an earlier claim petition for asbestosis under The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §1201 et seq., was consolidated with the other claim petition for consideration by the referee but later withdrawn. The referee, finding that claimant became totally disabled on November 12, 1974 from asbestosis and heart disease, awarded compensation; the Board affirmed.

Petitioner first asserts that claimant is barred from recovery under the occupational disease provisions of the Act for failure to give the 120 day notice as required by Section 311 of the Act, 77 P.S. §631:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf . . . shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall

be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury resulting from . . . any . . . cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. The term 'injury' in this section means, in cases of occupational disease, disability resulting from occupational disease.

The referee's fifth finding of fact sets out that notice of claimant's job-related asbestosis was given to petitioner on February 7, 1975. Thus to have given valid notice claimant must have known or reasonably should have known of her disability no earlier than October 21, 1974. Petitioner contends that in September 1973 claimant had knowledge that she suffered disability due to asbestosis.

[T]he statute does not start the notice period with even a certain knowledge of merely having a particular disease. . . . [T]he key is not only knowing that one has a disability, but also that it is a disability *resulting from the occupational disease,* as well as being possibly related to the employment. (Emphasis in original.)

*Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 74, 83, 407 A.2d 117, 121 (1979).

The evidence in the instant case does not establish that in September 1973 claimant had and knew of her disability. All the testimony supports is that

claimant was told in September 1973 that she had asbestos fibers but was told in November 1974 that she was totally disabled as a result of asbestosis.

Petitioner next argues that since claimant was advised of her occupational disease at least as early as November 12, 1974, she failed to meet the 21 day notice of Section 311 of the Act and therefor forfeited any rights to compensation benefits until February 7, 1975, the date notice was actually given. *See Duquesne Light Co. v. Diggs*, 46 Pa. Commonwealth Ct. 58, 406 A.2d 246 (1979). However, this issue was raised neither at the evidentiary hearings before the referee nor in the appeal to the Board. "Questions not raised below before the governmental unit or Commonwealth agency will not be considered for the first time by this Court unless due cause is shown. 2 Pa. C. S. §703, *see also,* Pa. R.A.P. 1551." *Hugh H. Eby Co. v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 135, 138, 407 A.2d 148, 150 (1979). In the instant case, no such cause was shown.

Petitioner last asserts that claimant is barred from recovery under the occupational disease provisions of the Act because the medical testimony presented by claimant establishes that her asbestosis aggravated a non-occupational illness and thus contributed to disability, but does not establish that the claimant suffers disability resulting from her asbestosis. Petitioner would have us read the record as only supporting the conclusion that claimant's asbestosis aggravated an underlying, advancing, non-occupational disease. In other words, petitioner argues that the medical evidence of a causal link between claimant's asbestosis and her disability was not sufficiently direct to satisfy the disability causation standards required in occupational disease cases. We disagree. "The [occupational disease] need not be the sole or exclusive cause of the disability. It is sufficient if the [occupational dis-

ease] materially contributed to the disability, rather than the disability resulting from the natural progress of the pre-existing condition." *Halaski v. Hilton Hotel*, 487 Pa. 313, 319, 409 A.2d 367, 370 (1979). Testimony that identifies as the cause of claimant's disability the combined presence of pulmonary asbestosis and hypertensive and coronary heart disease and "establishes a disease process as a '[major] contributing factor' in claimant's disability does not logically preclude a referee from finding that the disability 'resulted from' such cause, and indeed the medical as well as lay testimony in this record taken as a whole supports the referee's finding." *Crucible Steel Corp. v. Workmen's Compensation Appeal Board*, 52 Pa. Commonwealth Ct. 165, 170, 415 A.2d 458, 461 (1980).

Accordingly, we will enter the following

ORDER

AND Now, January 7, 1981, the order of the Workmen's Compensation Appeal Board, docketed to No. A-74176, dated February 8, 1979, is affirmed. It is ordered that judgment be entered in favor of claimant Helen Adams and against Asten Hill Manufacturing Company and that Asten Hill Manufacturing Company pay to claimant compensation for total disability at the rate of $96.14 per week from November 12, 1974 and continuing thereafter until such time as claimant's disability shall change or cease within the meaning of The Pennsylvania Workmen's Compensation Act; interest is assessed at the rate of ten percent per annum on all deferred compensation due claimant. It is further ordered that attorney's fees of 20 percent of all past and future compensation due claimant shall be paid to Joseph V. Furlong, Jr., Esquire, out of the compensation awarded to claimant. The balance of the compensation award shall be paid directly to the claimant.