Duquesne Light Company, Petitioner *v.* Workmen's Compensation Appeal Board (Joseph F. Klein), Respondents.

Argued February 3, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*John A. Lee,* Senior Attorney, for petitioner.

*John M. McTiernan, McArdle, Caroselli, Spagnolli & Beachler,* for respondent, Joseph F. Klein.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 7, 1983:

Duquesne Light Company (Duquesne) appeals a Workmen's Compensation Appeal Board (WCAB) order affirming a referee's award of benefits to Joseph Klein. We reverse in part and remand in part.

Klein, a Duquesne employee, injured his arm at work on July 15, 1979, but continued to work full-time, including overtime. In December, 1979, Duquesne prohibited him from working overtime as a precaution against further injury. Klein then filed for benefits, contending that he was partially-disabled.

The referee awarded partial-disability benefits, running from the date of the injury.[1] He assessed the cost of a supplemental medical examination against Klein becuse he found that the examination had been unnecessary. On appeal, the WCAB affirmed the benefits award but reversed the referee's decision as to examination costs.

We must decide: 1) whether the award of benefits was proper; 2) whether the payments should have run

---

[1] The referee awarded $97.87 per week, calculated by subtracting Klein's average weekly wage, during a 44-week period after his arm injury, from his highest weekly wage prior to his arm injury.

from the date of injury or from the date that Klein stopped working overtime; and 3) whether Klein should have been charged with the costs of the supplemental medical examination.

Where the party with the burden of proof has prevailed below, our scope of review is limited to determining whether constitutional rights have been violated, errors of law were committed, or findings of fact were unsupported by substantial evidence. *Hemer v. Workmen's Compensation Appeal Board*, 71 Pa. Commonwealth Ct. 174, 454 A.2d 225 (1983).

Duquesne alleges that the benefits award violates Section 306(b) of The Pennsylvania Workmen's Compensation Act (Act),[2] which provides, in part, that:

[I]n no instance shall an employe receiving compensation under this section receive more in compensation and wages combined than a *fellow employe in employment similar to that in which the injured employe was engaged at the time of the injury.* (Emphasis added.)

Klein's wages and compensation combined are greater than the wages of several of his co-workers, so we must interpret the term "fellow employee."

Duquesne contends that, if a claimant's wages and compensation for a given period total more than the wages of *any* co-worker for the same period, he should be denied benefits. This interpretation does not serve the remedial nature of the Act, which was designed to offset the losses of injured workers. Section 306(b) is intended to assure that the system-of-loss measurement remains calibrated; that changing conditions do not transform compensation into unjust enrichment. We hold that the *average wage* of the claimant's fellow employees should be used for purposes of comparison with the claimant's wages and compensation under this section.

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §512.

We conclude that Klein qualifies for benefits. The referee made computational errors, however, so we remand for a recalculation of benefits in accordance with the directions below.

Klein's loss of overtime began in December, 1979, *well after* he injured his arm in July, 1979. Hence, the payments must run from *December*, and Klein may not receive benefits for any period in which he worked overtime.[3] Moreover, since December, 1979, is the critical date, Klein's and his fellow employees' wages must be calculated as of that date, *not* as of July 15, 1979.

On the issue of the medical examination costs, we reverse the WCAB. Klein's arm injury was never in dispute, so there was no need for a supplemental medical examination.

### Order

The Workmen's Compensation Appeal Board order, No. A-7936, dated October 29, 1981, is hereby reversed as to the imposition upon Duquesne Light Company of the cost of the medical examination. The matter is remanded for recalculation of benefits in a manner not inconsistent with this Opinion. Jurisdiction relinquished.

---

[3] The record shows that Klein did work overtime during the two-week pay period ending on March 2, 1980.