561 A.2d 837

**Edward OGDEN, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CAROLINA FREIGHT CARRIERS CORPORATION), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 31, 1989.

Decided June 29, 1989.

Petition for Allowance of Appeal Denied March 12, 1990.

Ira H. Weinstock, Ira H. Weinstock, P.C., Harrisburg, for petitioner.

Martin J. Fallon, Jr., David A. Rosenblum, Swartz, Campbell & Detweiler, Philadelphia, for respondent, Carolina Freight Carriers Corp.

Before PALLADINO and SMITH, JJ., and KALISH, Senior Judge.

PALLADINO, Judge.

Edward Ogden (Ogden) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying workmen's compensation benefits to Ogden in connection with a truck accident that occurred on June 19, 1979.

Ogden was employed by Carolina Freight Carriers Corporation (Employer) as a tractor-trailer driver. On June 19, 1979, Ogden departed from Employer's Cleveland, Ohio terminal, heading for Carlisle, Pennsylvania. A short time later, at about 1:30 a.m., while traveling southeast on Ohio State Route 14 in Deerfield, Ohio, Ogden failed to negotiate a curve, careened off a concrete embankment and ended up with the tractor trailer coming to rest on its side in a field. At the accident site, Ogden was observed to be exhibiting classic symptoms of alcohol intoxication, including the odor of alcohol on his breath, glassy and bloodshot eyes, unsteadiness on his feet and loud and belligerent behavior. Ogden had also been observed crossing the center line of the highway for no apparent reason, approximately four miles before the accident site.

At the scene of the accident Ogden originally indicated that he was not injured, and refused medical treatment. However, after being placed under arrest for driving under the influence, Ogden decided he was injured and requested

transportation to the hospital. Following examination at the hospital, Ogden was transported to the State Highway Patrol Barracks at Ravena, Ohio, where he submitted to a chemical analysis of his breath. The result of the chemical analysis of Ogden's breath indicated a blood alcohol content of .18%.

On August 29, 1979, Ogden filed a claim petition for compensation alleging he suffered injuries in the nature of "concussion, seizures, lower back pain, leg problems and neck problems" as a result of the June 19, 1979 accident. Employer denied that the injuries were sustained in the course of employment or were causally related to Ogden's employment.

Following a series of hearings before Referee Thomas B. Noonan, a decision dated July 19, 1983 was issued denying benefits to Ogden. This decision was signed by Referee Joseph R. Kowitski with a notation above his signature "decision by Referee Noonan." Referee Noonan had died between the time the record was closed and the issuance of the July 19, 1983 decision.

Ogden appealed the July 19, 1983 decision, which was reversed, by the Board on the grounds that it was an error of law to publish an opinion of a deceased referee when it is not known whether the opinion was the final decision of the referee. The Board remanded the case with the following instructions:

> We will remand for a Referee to review the entire record and make new Findings of Fact and Conclusions of Law based on the record as he sees it. Apparently the case was closed, therefore we can see no particular reason to allow further evidence. It might be advantageous, however, for a further hearing to be scheduled in order that the parties might set forth their various legal positions to the Referee and to further submit suggested Findings of Fact and Conclusions of Law if that is appropriate.

Board Opinion dated December 20, 1984.

Following remand, Referee Kowitski reviewed the record, but did not hold any additional hearings or solicit suggested

findings of fact or conclusions of law from either party. On April 2, 1986, Referee Kowitski issued a decision, which adopted as his own without amendment or other change, the prior decision and denied benefits to Ogden. The Board affirmed the decision of Referee Kowitski on September 23, 1988.

On appeal to this court Ogden raises three issues: (1) whether the referee committed reversible error by not holding additional hearings and requesting proposed findings of fact and conclusions of law from the parties; (2) whether the finding that the accident was caused by a violation of law, i.e. driving while intoxicated, was supported by substantial evidence; and (3) whether there was substantial evidence that a compensable injury occurred. Due to our resolution of the first two issues, as set forth below, we will not address the third issued raised by Ogden.

Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Universal Trucking, Inc. v. Workmen's Compensation Appeal Board (Hassell)*, 112 Pa.Commonwealth Ct. 428, 535 A.2d 722 (1988).

We conclude that Referee Kowitski' decision dated September 23, 1988, was reached in conformance with the order of the Board. The remand order only *suggested* additional hearings, if they were found necessary. Ogden had two opportunities to present evidence personally, and there were numerous depositions which were part of the record. Ogden has not made any attempt to show that additional hearings would have produced any relevant evidence. In addition, there is no legal requirement that a referee *must* give the parties an opportunity to submit proposed findings *Sledge v. Workmen's Compensation Appeal Board (Temple University)*, 78 Pa.Commonwealth Ct. 380, 467 A.2d 913 (1983). Finally, in his decision Referee Kowitski indicated that he had reviewed all the material presented previously and found that "the prior decision was correct in all respects." Referee's Decision dated April 2,

1986 at p. 2. We see no reason, when a substitute referee has made a complete review of the record, to reverse the decision due to his adoption of a previous decision verbatim. As a result there was no error in the manner is which this decision was reached.

The second issue we will address is whether the accident in question was caused by a violation of law. Section 301(a) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 431, provides that where the injury occurred as a result of the employee's violation of law, no compensation shall be paid. The Employer argues that the accident was the result of Ogden's driving under the influence of alcohol. Ogden alleges that the accident was a result of his brakes locking and pulling the tractor-trailer off the road.

The burden of proving that an injury was caused by a violation of law is upon the employer. Furthermore, the evidence presented must be more than the traditional preponderance of evidence standard applied in civil cases, *M.D.S. Labs v. Workmen's Compensation Appeal Board (Munchinski),* 111 Pa.Commonwealth Ct. 541, 534 A.2d 844 (1987), which only requires the party with the burden of proof to have the greater weight of evidence in view of of the facts and circumstances. *Se–Ling Hosiery v. Margulies,* 364 Pa. 45, 49, 70 A.2d 854, 856 n. 1 (1950). In proving a violation of law the evidence must be clear and convincing, that is, it must be found "that the witnesses are credible, that they distinctly remember the facts to which they testify, that they narrate the details exactly, and that their statements are true." *Thomas & Sons v. Loose, Seaman & Co.,* 114 Pa. 35, 45, 6 A. 326, 327 (1886). Proof beyond a reasonable doubt, or absolute certainty of the cause is not necessary. *Id.*

Ogden argues that even though he was arrested for driving under the influence, he was not convicted of the offense, since the charge was dropped by the State of Ohio, and as a result, there can be no finding that his violation of

292

the law was the cause of the accident. However, there is no requirement that a conviction occur prior to finding that a violation of law, i.e. intoxication, was the cause of the accident. *See Hemer v. Workmen's Compensation Appeal Board (Miller Express)*, 71 Pa.Commonwealth Ct. 174, 454 A.2d 225 (1983).

 In this case there was substantial competent evidence in the record to support the finding that the accident was a "result of the employee's violation of the law". The evidence showed that Ogden's truck went over the center line two times, for no apparent reason, shortly before the accident occurred. See deposition of Kenneth L. Tatsch. Two police officers, each with over ten years of experience, testified that in their experience, an individual exhibiting the symptoms displayed by Ogden was intoxicated. Depositions of M.A. Guarnieri and Rudolph Zemelka. Furthermore, witnesses at the accident scene testified that Ogden had a sour smell to his breath, was unsteady on his feet, and acted in a belligerent manner. See depositions of Miles Felmly, Mendel Everson, M.A. Guarnieri, and Rudolph Zemelka. Finally, the intoxilyzer results indicated a blood alcohol content of .18%. The only evidence presented to refute the charge of driving while intoxicated was Ogden's testimony that he had not consumed any alcoholic beverages for approximately twelve hours prior to the accident. Furthermore, while Ogden alleged that a brake failure caused the accident, there was no physical evidence to support this claim, and two mechanics who examined the brake system found no indication of mechanical difficulty. See depositions of Charles Evans and Stephen Labay, Sr. We conclude that with this evidence the Employer met its burden of showing that a violation of law caused the accident.

Accordingly, the decision of the Workmen's Compensation Appeal Board is affirmed.

## ORDER

AND NOW, June 29, 1989, the order of the Workmen's Compensation Appeal Board in the above-captioned case is affirmed.