565 A.2d 206

PENNSYLVANIA POWER COMPANY, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(CONNER), Respondents. (Two Cases)

PENNSYLVANIA POWER COMPANY, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(HIGGINS), Respondents.

PENNSYLVANIA POWER COMPANY, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(SUDAK, III), Respondents.

PENNSYLVANIA POWER COMPANY, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(HARGREAVES), Respondents.

PENNSYLVANIA POWER COMPANY, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(GLENN), Respondents.

PENNSYLVANIA POWER COMPANY, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(RUTH), Respondents.

PENNSYLVANIA POWER COMPANY, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(NEILSON), Respondents.

PENNSYLVANIA POWER COMPANY, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(HILL), Respondents.

PENNSYLVANIA POWER COMPANY, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(ANDERSON), Respondents.

PENNSYLVANIA POWER COMPANY, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(ZIRILLO), Respondents.

PENNSYLVANIA POWER COMPANY, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(TATE), Respondents.

PENNSYLVANIA POWER COMPANY, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(HULME), Respondents.

PENNSYLVANIA POWER COMPANY, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(FILIPPELLI), Respondents.

PENNSYLVANIA POWER COMPANY, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(SPRANKLE), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on briefs Sept. 1, 1989.

Decided Oct. 19, 1989.

Reconsideration Denied Dec. 20, 1989.

226

Harry A. Flannery, New Castle, for petitioner.

Bruce E. Woodske, Beaver, for respondents.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Before this Court is a petition for review filed by Pennsylvania Power Company (Penn Power)[1] from orders of the Workmen's Compensation Appeal Board (Board) which affirmed referee awards of partial disability benefits to fifteen employees of Penn Power: Bruce Conner, Richard Higgins, Elwood J. Conner, Michael Sudak, III, Omar S.

1. On May 31, 1989, this Court granted Penn Power's motion to consolidate the fifteen petitions for review.

Hargreaves, Chuck Glenn, Richard I. Ruth, Michael Neilson, John Hill, Ronald Anderson, Rocky Zirillo, Raymond Tate, Frederick R. Hulme, Pasquale J. Filippelli, and Harold A. Sprankle (collectively referred to as employees). We affirm.

Each of the employees suffered a work-related injury while employed with Penn Power. Each also later returned to his position with Penn Power with a residual disability. For a period of time after their return to work, Penn Power refused available overtime work to these employees as a rehabilitative measure directed by its internal policy. These employees all had a history of working overtime. The referee awarded partial disability benefits to the employees, based upon the average amount of compensation earned by fellow employees in similar employment. The Board affirmed and Penn Power petitioned to us for review.[2]

■ Section 306(b) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 512 provides, in part, that "[i]n no instance shall an employe receiving compensation under this section receive more in compensation and wages combined than *a fellow employe* in employment similar to that in which the injured employe was engaged at the time of the injury." (Emphasis added.)

Penn Power asserts that the Board erred in affirming the grant of benefits because these employees received more in compensation and wages than "a fellow employee." The grant of benefits was based upon the *average* of fellow worker wages. Penn Power argues that the language of Section 306(b) mandates that compensation and wages of the employee receiving partial disability benefits, who continues to work on a limited scale, cannot exceed that of *any* "fellow employe in employment similar to that in which the

2. Our scope in reviewing the Board's determination is limited to whether constitutional rights have been violated, errors of law were committed, or findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

injured employe was engaged...." The Board rejected Penn Power's interpretation of Section 306(b), that the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921 would dictate that the lowest paid, and not the *average* fellow employee's wages should be used to fix the maximum amount of compensation and wages received by the employees here.

The Board determined that "[t]here is no reason to utilize either the high or the low merely to give advantage to one party over the other. An average of all workers similarly employed is the *equitable way* to resolve a problem not specifically addressed by the Act." (Board's order of March 3, 1989 in 544 C.D.1989). Penn Power cites *Digasbarro v. Frich Coal Co.*, 66 Pa.D & C 509 (1948) for the proposition that it is not for this Court but for the legislature to redress inequities in the law.

We believe that the Board properly relied upon *Duquesne Light Co. v. Workmen's Compensation Appeal Board (Klein)*, 77 Pa.Commonwealth Ct. 67, 465 A.2d 81 (1983), where we held "that the *average wage* of the claimant's fellow employees should be used for purposes of comparison with claimant's wages under this section." *Id.*, 77 Pa.Commonwealth Ct. at 69, 465 A.2d at 82. (Emphasis in original.) Penn Power, in essence, is requesting us to reconsider our holding in *Klein*, which it has already done in *Pennsylvania Power Co. v. Workmen's Compensation Appeal Board (Kelly)*, 122 Pa.Commonwealth Ct. 36, 551 A.2d 386 (1988), *petition for allowance of appeal granted*, No. 123 W.D. Allocatur Docket 1989. In *Kelly*, we refused to use the lowest paid fellow employee wage as the comparison figure, because this interpretation would not serve the remedial purpose of the Act.

This method of averaging has been approved by this Court in *Klein* and *Kelly*. Absent direction to the contrary from our Supreme Court on appeal, we see no reason to depart from this method of calculation. Accordingly, we find that the Board did not err in affirming the referee's

method of calculating the maximum benefits by using the average of fellow employees' wages.

■ However, we must address Penn Power's additional argument that Bruce Conner's and Elwood J. Conner's petitions to reinstate compensation were filed untimely.[3] Both Bruce Conner and Elwood Conner filed supplemental agreements suspending compensation. Section 413(a) of the Act, 77 P.S. § 772 allows "where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments ... may be resumed at any time during the period for which compensation for partial disability is payable ...," *i.e.*, for up to 500 weeks.[4]

Claimant Bruce Conner signed a total of three supplemental agreements suspending compensation. He signed the first agreement on January 28, 1983, suspending compensation on January 3, 1983. He signed the second agreement on August 15, 1983, suspending compensation on July 29, 1983, and the third agreement on December 22, 1983, suspending compensation on December 15, 1983. Claimant Elwood J. Conner signed a supplemental agreement on August 9, 1983, suspending compensation on April 11, 1983.

■ On January 16, 1986 (within 3 years of his last payment of compensation), Bruce Conner filed a petition for reinstatement of compensation for the periods covering January 2, 1983 to January 30, 1983; July 29, 1983 to August 9, 1983; and December 15, 1983 to October 15, 1984. On June 16, 1986, Elwood J. Conner filed a petition for reinstatement of compensation for the periods of September 7, 1980 to September 16, 1980; September 23, 1982 to December 4, 1982; and December 3, 1984 to January 8, 1985. The January 16, 1986 and June 16, 1986 filing dates of these petitions were well within the 500–week time limit

3. This issue, although raised before the referee and the Board by Penn Power, was not addressed by either.

4. Section 306(b).

230

for partial disabilities. Therefore, the petitions were timely filed.[5]

Accordingly, we affirm the Board's orders.

## ORDER

AND NOW, this 19th day of October, 1989, the orders of the Workmen's Compensation Appeal Board in the above-captioned matters are hereby affirmed.

5. Penn Power makes an additional argument solely in its brief to this Court. It argues that John Hill's, Rocky Zirillo's, Raymond Tate's and Frederick R. Hulme's claims did not exceed the fourteen-day period of disability in order for a claimant to receive payment for the first week of partial disability. This issue, not raised, and therefore not considered by the Board, has been waived. Pa.R.A.P. No. 1551; 2 Pa.C.S. § 703(a); *see* Darlington, McKeon, Schuckers and Brown, Pennsylvania Appellate Practice § 1551:2 (1986).