**Madeline SPORIO (Widow), Lawrence Sporio, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SONGER CONSTRUCTION), Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 13, 1997.

Decided April 2, 1997.

Daniel K. Bricmont, Pittsburgh, for petitioner.

Claudio J. DiPaolo and David Ryan, Pittsburgh, for respondent.

Before PELLEGRINI and KELLEY, JJ., and RODGERS, Senior Judge.

PELLEGRINI, Judge.

Madeline Sporio (Claimant) petitions for review of the March 22, 1996 decision of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge (WCJ) denying the claim petition of her deceased spouse, Lawrence Sporio (Decedent), and denying her fatal claim petition.

Decedent worked as a bricklayer for various employers. During the course of his employment, he was exposed to asbestos. On January 29, 1993, Decedent filed nine claim petitions against nine separate defendants, all which pleaded the same injury, alleging that Decedent was exposed to asbestos at work which caused him to develop malignant mesothelioma. All petitions also pleaded the same date of injury and disability, September 10, 1992. The defendants filed responsive answers denying the critical averments of the petitions. On February 1, 1993, before any hearings were held in the matter, Decedent died.

On February 26, 1993, Claimant (Decedent's widow) filed nine fatal claim petitions against the same nine defendants which had been named in Decedent's "lifetime claim."[1] The fatal claim petitions alleged a date of injury of May 23, 1983, and alleged that Decedent's death was a result of respiratory failure due to malignant mesothelioma and pneumoconiosis. Again, all defendants filed responsive answers denying the critical averments of those petitions.

Before the WCJ, Claimant presented the testimony of Decedent's treating physician, Emil Deliere, M.D., a board certified physician in the specialty of internal medicine and the subspecialty of pulmonary disease. Dr. Deliere testified that during Decedent's lifetime, he had been diagnosed with mixed dust pneumoconiosis (which he also refers to as asbestosis). He further testified that Decedent developed malignant mesothelioma,[2] which caused Decedent to be totally disabled as of December 1, 1992. Dr. Deliere stated that Decedent's asbestosis, a disease process of the lung tissue itself, had little to do with the mesothelioma, and that they were not directly linked, though they did share the common denominator of asbestos exposure.

---

1. Among the defendants against which the claim petitions were filed are:
   - Songer Construction Company/Home Insurance Company;
   - Songer Construction Company/Aetna;
   - Songer Construction Company/State Workmen's Insurance Fund (SWIF);
   - Songer Construction Company/Ohio Casualty;
   - Henry F. Teichmann, Inc./Fireman's Fund;
   - Henry F. Teichmann, Inc./American Motorists (Kemper);
   - Furnco Construction Company/Travelers Insurance Company;
   - Furnco Insurance Company/Reliance Insurance Company;

   Claimant filed fatal claim petitions against each of these same defendants. After the initial hearing, Claimant consented to the dismissal of two of the defendants because they could not be liable at law. Those defendants were Songer Construction Company/Ohio Casualty and Henry F. Teichmann/Kemper.

2. Malignant mesothelioma was defined by Dr. Deliere as cancer of the mesothelial tissue, which is tissue that surrounds various organ structures in the case of the lung.

The WCJ accepted as credible the testimony of Dr. Deliere and found that Decedent was partially disabled from mixed dust pneumoconiosis from May 25, 1983, through December of 1992. He found that Decedent's last exposure to an asbestos hazard was on or about June 1, 1982. The WCJ further found that on December 1, 1992, Decedent became disabled and subsequently died on February 1, 1993, as a result of malignant mesothelioma, a specifically listed occupational disease. The WCJ went on to find that even though Decedent had been awarded compensation during his lifetime during the 300 week period based on an occupational disease, that occupational disease was mixed dust pneumoconiosis, not malignant mesothelioma.

■ Because the WCJ concluded that the malignant mesothelioma, the occupational disease which is the basis for the claim of compensation, did not occur via disability or death, within 300 weeks after Decedent's last date of employment, he held that occupational disease was not compensable under Sections 301(c)(2)[3] and 108(*l*) of the Workers' Compensation Act (Act).[4] Claimant appealed to the Board, which affirmed the decision of the WCJ. This appeal followed.[5]

Before us, Claimant contends that because the same asbestos exposure caused both Decedent's mixed dust pneumoconiosis, as well as the malignant mesothelioma, which was the ultimate cause of Decedent's death, that the claims for total disability benefits as well as fatal claim benefits are compensable under an exception to Section 301(c)(2).

Section 301(c)(2) of the Act specifically provides that unless disability occurs within 300 weeks of exposure to an occupational hazard, subsequent death as a result of such exposure is not compensable. It states, in relevant part:

... whenever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to the hazards of such disease.

■ However, Section 301(c)(2) does not bar death benefits where an occupational disease claimant has been awarded disability benefits during the applicable period (300 weeks) from the same disease for which benefits had been awarded. *Toffalori v. Donatelli Granite Company,* 157 Pa.Super. 311, 43 A.2d 584 (1945).[6] *See also Duffy v. City of*

3. The time limitation set forth in the Act, including Section 301(c), is not technically a statute of limitations, but a statute of repose whereby a claim or fatal claim petition for an occupational disease must be filed within 300 weeks of the last date of employment in an occupation or industry to which he was exposed to the hazards of such disease in order to be timely filed. *Antonucci v. Workmen's Compensation Appeal Board (U.S.Steel),* 133 Pa.Cmwlth.273, 576 A.2d 401, 405 n.7 (1990), *petition for allowance of appeal denied,* 527 Pa. 651, 593 A.2d 423 (1991). The expiration of the statute of repose deprives the Board of jurisdiction to consider a claimant's petition and can never be waived by an employer. *Sharon Steel Corp. v. Workmen's Compensation Appeal Board (Myers),* 670 A.2d 1194 (Pa. Cmwlth.1996). The purpose of the statute of repose is to encourage the prompt resolution of legal rights and to protect an employer from having to defend against stale claims. *Deppenbrook v. Workmen's Compensation Appeal Board (Republic Steel Corp.),* 655 A.2d 1072 (Pa. Cmwlth.1995). For this reason, the only exception to the statute of repose is if the claimant can establish estoppel against his or her employer. *Sharon Steel Corp.; see also Duquesne Light Co. v. Diggs,* 46 Pa.Cmwlth. 58, 406 A.2d 246 (1979);

*see also Ricciardi v. Workmen's Compensation Appeal Board,* 34 Pa.Cmwlth. 316, 383 A.2d 571 (1978).

4. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(2), 77 P.S. § 27.1(*l*).

5. Our scope of review of the Board's decision is limited to a determination of whether errors of law were committed, constitutional violations occurred, or whether the findings of fact were not supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

6. *Toffalori* was decided under Section 301(a)(2) of the Occupational Disease Act, Act of June 21, 1939, P.L. 566, 77 P.S. § 1401(a)(2), which provided:

Wherever death is mentioned as a cause for compensation under this Act, it shall mean only death resulting from occupational disease and occurring within three years after the date of his last employment in such occupation or industry.

Section 301(c)(2) of the Workers' Compensation Act, under which the instant matter is brought,

*Scranton/Fire Department,* 112 Pa.Cmwlth. 537, 535 A.2d 756 (1988).

Because Decedent's death from malignant mesothelioma, though outside the 300 week period, was caused by the same occupational hazard, asbestos, as caused his lifetime claim for compensation based on asbestosis, Claimant contends she is nonetheless entitled to fatal claim benefits based on an exception to Section 301(c)(2) of the Act. In support of this contention, Claimant argues that because Section 108(*l*) of the Act defines an occupational disease as "asbestosis and cancer resulting from direct contact with, handling of, or exposure to the dust of asbestos ..." that Decedent's cancer was sufficient to make her claim compensable since Decedent had received compensation for his mixed dust pneumoconiosis [7] during the 300 week period.

While it is true that a claim is compensable if a claimant is disabled or dies from the same disease for which he or she, during the 300 week period, had received benefits, that is not the case here. However, Claimant's medical expert, Dr. Deliere, whom the WCJ found as credible, testified that Decedent died as a result of malignant mesothelioma, and that such condition was totally unrelated to Decedent's prior, compensable injury of mixed dust pneumoconiosis/asbestosis. Despite the fact that Section 108(*l*) defines both "asbestosis and cancer resulting from ... exposure to ... asbestos" as occupational diseases, unless the cancer suffered by Decedent is a form that is directly related to the condition for which he had received compensation during his life, then his death from malignant mesothelioma, albeit caused by the same asbestos exposure, is a new disease that is outside the 300 week period. Where unequivocal medical testimony provides that the two are not related or in any way dependent upon one another, just because Decedent suffered from both is not enough to bring the mesothelioma, incurred well outside the 300 week period, into the period for which compensation is available.

Accordingly, the decision of the Board is affirmed.

### ORDER

AND NOW, this 2nd day of April, 1997, the decision and order of the Workmen's Compensation Appeal Board, dated March 22, 1996, is affirmed.

---

contains analogous language, but the statutory period has been increased to 300 weeks.

7. As to the asbestosis claim, Decedent, during the 300 week period, had been awarded compensation for disability based on the occupational disease of mixed dust pneumoconiosis due to silicosis and asbestosis. This award was granted pursuant to Section 108(n) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 27.1(n).