**Donald BELLOWS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SHABLOSKI and Nationwide Insurance Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 13, 1995.
Decided July 31, 1995.
Reargument Denied Aug. 31, 1995.

James T. Rague, for petitioner.

Brian J. Lenahan, for respondent.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Claimant Donald Bellows petitions for review of the November 14, 1994 order of the Workers' Compensation Appeal Board (Board) reversing the Workers' Compensation Judge's (WCJ) grant of his reinstatement petition. The Board concluded that Claimant's petition was barred by the period of limitations in the Workers' Compensation Act.[1] We agree and affirm the order of the Board.

### Issue

Before us for a review is an issue of apparent first impression. We are presented with the question of when the period of limitations begins to run on a reinstatement petition when there is no documentary evidence of a formal termination or suspension of the claim but Claimant did not receive compensation after he returned to work at no loss of wages. We conclude that Claimant's benefits were, in fact, suspended as of the date he returned to work at equal or greater pay. Therefore, the period of limitations begins to run on that date and Claimant's petition for reinstatement is time-barred.

### Facts

The WCJ found the following facts to be true. Claimant sustained a work-related accident on or about March 15, 1977 while employed by Employer Joseph Shabloski. Claimant's lumbar spine and legs were injured when he was crushed between a bulldozer and a bridge. As a result of this accident, Claimant received temporary total disability benefits. Claimant underwent spinal surgery two days after the date of the

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 512, 772 & 1001.

accident and remained off work until April 30, 1979, when he was released by his physician to light-duty work.

Claimant credibly testified that he never signed a final receipt, a supplemental agreement or any other documents when he returned to work. Neither party produced a final receipt, supplemental agreement or referee's order regarding the closing of this case.

Claimant returned to work for Employer on or about April 30, 1979 and worked for various employers until March 6, 1992, when he suffered weakness and spasms in his legs which precluded his continued employment. The WCJ found that Claimant did not receive indemnity or medical benefits from 1979 forward. (Finding of Fact No. 10.) On February 26, 1991, Claimant filed a petition to set aside final receipt which was ultimately amended to be a petition for reinstatement of benefits. Claimant testified that he never fully recovered from his 1977 work-related injury. (Finding of Fact No. 16.)

Claimant presented the deposition testimony of his treating physician Donald P. Chen, M.D., a board-certified orthopedic surgeon. Dr. Chen clearly opined that Claimant had not fully recovered from his work-related injury when he returned to work in 1979. Dr. Chen opined that Claimant would never fully recover from the effects of his work-related injury, that he has permanent restrictions on his activities and that Claimant could no longer perform construction work. Employer did not offer any rebuttal medical testimony.

Nationwide Insurance Company, Employer's insurer, claims it has no files regarding Claimant's 1977 injury. The Workers' Compensation Bureau has provided no documents regarding Claimant's 1977 injury.

The WCJ concluded that Claimant was a credible witness and that, although he did not suffer a loss of earnings from 1979 through 1991, Claimant carried his burden of proving that he has suffered a recurrence of his work-related disability. He further concluded that Employer failed to carry its burden of proof that benefits had previously been ended by a final receipt or order of a referee such that the period of limitations would preclude reinstatement of benefits. The WCJ ordered the reinstatement of temporary total disability benefits effective March 6, 1992.

The Board reversed the WCJ's decision to reinstate Claimant's benefits. The Board discussed the various periods of limitations in the Act and concluded that, under any of them, Claimant's reinstatement petition, filed twelve years following the date of his most recent payment of compensation, would be barred.[2]

## Discussion

Claimant contends that the WCJ properly concluded that it was Employer's burden to show a change in the status of the claim or else the claim would remain open. Claimant argues that the Board erred in disregarding the WCJ's Findings of Fact and Conclusions of Law in his favor.

Claimant specifically argues that the Board erred in applying Section 434 of the Act to this claim. Section 434 provides, in pertinent part, as follows:

> A final receipt, given by an employee or dependent entitled to compensation under a compensation agreement notice or award, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement notice or award: Provided, however, That a referee designated by the department may, at any time within three years from the date to which payments have been made, set aside a final receipt, upon petition filed with the department, or on the department's own motion, if it be shown that all disability due to the injury in fact had not terminated.

77 P.S. § 1001.

Claimant argues that this section is not applicable as there is no evidence of him

---

**2.** Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Commonwealth Ct. 288, 572 A.2d 843 (1990).

having signed a final receipt. In fact, the WCJ found credible Claimant's testimony that he did not sign anything. (Finding of Fact No. 11, R.R. at 41a.) We agree that without any evidence that Claimant signed a final receipt, the three year period of limitations found in Section 434 is not applicable to this petition.[3]

Claimant further contends that the period of limitation found in Section 413 of the Act is not applicable to his petition. Section 413 provides, in pertinent part, as follows:

> A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or upon which it is shown that the status of any dependent has changed: Provided, That, except in the case of eye injuries, no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition.... And provided further, That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be

shown that the loss in earnings does not result from the disability due to the injury. 77 P.S. § 772.

Claimant argues that this section is not applicable to his claim because Employer did nothing to start the running of the period of limitations. Employer did not file a petition to modify the agreement. Therefore, Claimant argues, it remained open and would remain open until some change in status was obtained either by agreement or order. We disagree.

Employer was entitled to a *suspension* of Claimant's benefits as of April 30, 1979 when Claimant returned to work at a wage equal to or in excess of his pre-injury wage.

> [U]nder the plain language of Section 413 of the Act, the ... time period in which "the agreement or award may be resumed" must be calculated to start as of the date which the fact finder determines from the evidence that the Claimant's benefits should be suspended because his earnings "are equal to or in excess of his wages prior to the injury."

*Roussos v. Workmen's Compensation Appeal Board (St. Vincent Health Center)*, 157 Pa.Commonwealth Ct. 584, 588–89, 630 A.2d 555, 557 (1993).

> A "suspension of benefits" is supported by a finding that the earning power of the claimant is no longer affected by his disability, whether it arises from his employer offering suitable replacement employment, or from the ability of the claimant to secure other suitable employment that provides equal or greater compensation.

*Pieper*, 526 Pa. at 33, 584 A.2d at 304.

Claimant testified that he returned to work at the same job he held before he was injured. (R.R. at 49–50a.) The WCJ found that Claimant returned to work on or about April 30, 1979 and that Claimant did not receive benefits beyond 1979. (Findings of Fact Nos. 8 & 10.) Therefore, Employer

---

**3.** [A] termination of benefits must go hand-in-hand with a termination of the liability of an employer. If the claimant later petitions for reinstatement of benefits, it is incumbent upon the employer to submit the proper evidence of such termination (e.g. "final receipt" pursuant to 77 P.S. 1001 and/or "agreement" pursuant to 77 P.S. 732 or "formal award" pursuant to 77 P.S. 772).

*Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 32, 584 A.2d 301, 304 (1990).

was entitled to a suspension of Claimant's benefits as of that date.[4]

Section 306(b) of the Act provides the time period within which Claimant must file a petition for reinstatement. Section 306(b) provides that for disability partial in character, compensation shall be paid during the period of partial disability, except as provided for in clause (e) of Section 306, but for not more than five hundred weeks. 77 P.S. § 512. Where compensation payments are suspended, under Section 413, because of no current loss of earnings, payments may be resumed if a petition for reinstatement is filed within five hundred weeks, i.e. 9.6 years. *Roussos.*

Further, the period of limitations is not tolled during the time benefits are suspended. Section 413 clearly states that payments may be resumed any time *during the period for which compensation for partial disability is payable.* Section 306(b) is clear that that period is for *no longer than five hundred weeks. Goodrich v. Workmen's Compensation Appeal Board (Shenango China),* 165 Pa.Commonwealth Ct 217, 645 A.2d 302 (1994). Benefits for partial disability were payable when Claimant's total disability benefits were suspended. Therefore, he had five hundred weeks, or 9.6 years, from the date of the suspension of his total disability payments to file a petition for reinstatement. Claimant did not file his petition until February, 1991, which is twelve years after his return to work in April, 1979.

Claimant has not received any compensation as a result of this claim since 1979. Neither Employer's insurer nor the Bureau of Workers' Compensation have any files relating to this claim. The evidence in this case is so stale that no one has a copy of the original notice of compensation payable.

Claimant argues that it is bad policy to allow an employer to prevail when it unilaterally ceases paying benefits without a final receipt or order. However, the Act grants a claimant a liberal period of over nine years within which to file a petition for reinstatement.

Though the periods of limitations found in the Act may require harsh results in some cases, we may not disregard what appears to be the plain language of the Act absent fraud or misrepresentation. Any enlargement of the 500 week limitations period is for the Legislature.

For the reasons stated above we affirm the order of the Board.

### ORDER

**AND NOW,** this 31st day of July, 1995, the order of the Workers' Compensation Appeal Board dated November 14, 1994 at No. A93–1169 is hereby affirmed.

---

**4.** There is no time limitation on petitions for modification. *Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Allen),* 152 Pa.Commonwealth Ct. 318, 618 A.2d 1224 (1992).