Angelo LOPRESTI, Jr., Petitioner,

v.

WORKERS' COMPENSATION APPEAL
BOARD (TAYLOR WHARTON
COMPANY), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 7, 1997.
Decided April 14, 1997.

Walter D. Campbell, Levittown, for peti-
tioner.

No appearance entered for respondent.

Before PELLEGRINI, and
LEADBETTER, JJ., and SILVESTRI,
Senior Judge.

PELLEGRINI, Judge.

Angelo Lopresti, Jr. (Claimant), appeals from a decision of the Workers' Compensation Appeal Board (Board) that affirmed an order of the Workers' Compensation Judge (WCJ) denying Claimant's reinstatement petition as being untimely filed under Section 413 of the Workers' Compensation Act (Act).[1]

Claimant was working as a maintenance welder with Taylor Wharton Company (Employer) when he suffered multiple injuries on November 24, 1976. After several attempts to return to work and having to leave his job because of pain associated with his work-related injury, Claimant filed a reinstatement petition on November 18, 1978, alleging a recurrence of his work-related injury. In a decision rendered on March 21, 1983, a referee ordered that Claimant was to receive benefits from November 18, 1978, until February 9, 1981, at which time Claimant's benefits were suspended because he had returned to work at no loss of earnings. That decision was affirmed by the Board, and neither party appealed to this Court. The benefits awarded to Claimant in the March 21, 1983 order were paid by Employer on September 29, 1983.

After several other attempts to obtain employment, Claimant filed a reinstatement petition on October 25, 1984. On February 24, 1989, a referee denied Claimant's reinstatement petition and further ordered that Employer's liability was terminated. The Board affirmed the referee's decision, and Claimant appealed to this Court. On June 21, 1991, this Court affirmed the denial of Claimant's reinstatement petition but reversed the referee's termination of Employer's liability. As a result, Claimant's benefits remained suspended.

■ While Claimant's appeal from the denial of his reinstatement petition was pending, Claimant was examined by an orthopedic surgeon on July 16, 1989 and underwent corrective surgery to his lumbar spine on July 21, 1989. On February 25, 1991, Claimant filed the present reinstatement petition, alleging a change in his physical condition as of February 24, 1989. In its answer, Employer alleged that Claimant's petition was time-barred because his benefits were suspended on February 9, 1981, and Claimant did not file his reinstatement petition until February 25, 1991, more than the 500 weeks allowed by the statute of repose set forth in Section 413 of the Act.[2] Agreeing with Employer's position, the WCJ dismissed Claimant's reinstatement petition as untimely. Claimant appealed to the Board, which affirmed the WCJ's decision. Claimant now appeals to this Court.[3]

Section 413 of the Act provides that:

> A referee designated by the department may, at any time, modify, reinstate, suspend or terminate a notice of compensation payable, an original or supplemental agreement or award of the department or its referee.... Provided, That ... no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition ... And provided further, That *where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or reward may be resumed at any time during the period for which compensation for partial disability is payable. ...*

77 P.S. § 772 (emphasis added). Compensation for partial disability is payable for a period not to exceed 500 weeks. Act of June 2, 1915, P.L. 736, § 306(b), *as reenacted and amended,* 77 P.S. § 512.

---

1. Act of June 2, 1915, P.L. 736, *as reenacted and amended,* 77 P.S. § 772.

2. The parties executed and submitted a stipulation making the prior decisions of the referees and the Board part of the record. Included in that stipulation was the March 21, 1983 decision by the referee which suspended Claimant's benefits effective February 9, 1981.

3. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact are not supported by substantial evidence in the record. *Pokita v. Workmen's Compensation Appeal Board (U.S.Air),* 163 Pa.Cmwlth. 97, 639 A.2d 1310 (1994).

■ Section 413 of the Act imposes a statute of repose whereby a reinstatement petition must be filed within 500 weeks from a suspension of a claimant's benefits in order to be considered timely filed. *Deppenbrook v. Workmen's Compensation Appeal Board (Republic Steel Corp.),* 655 A.2d 1072 (Pa. Cmwlth.1995); *Roussos v. Workmen's Compensation Appeal Board (St. Vincent Health Center),* 157 Pa.Cmwlth. 584, 630 A.2d 555 (1993);[4] *see also Pennsylvania Power Co. v. Workmen's Compensation Appeal Board (Conner),* 129 Pa.Cmwlth. 224, 565 A.2d 206 (1989), *petition for allowance of appeal denied,* 526 Pa. 655, 586 A.2d 923 (1990). The 500-week statute of repose not only limits a remedy, but completely and totally extinguishes a claimant's rights to benefits in the first instance. *Sharon Steel Corp. v. Workmen's Compensation Appeal Board (Myers),* 670 A.2d 1194 (Pa.Cmwlth.1996), *petition for allowance of appeal denied,* 544 Pa. 679, 678 A.2d 368 (1996). The expiration of the statute of repose deprives the Board of the jurisdiction to consider a claimant's petition and can never be waived by an employer. *Id.; McDevitt v. Workmen's Compensation Appeal Board (Ron Davison Chevrolet),* 106 Pa.Cmwlth. 207, 525 A.2d 1252 (1987), *appeal dismissed,* 520 Pa. 119, 552 A.2d 1048 (1989).

The purpose of the statute of repose is to encourage the prompt resolution of legal rights and to protect an employer from having to defend against stale claims. *Deppenbrook, supra.* For this reason, the only exception to the statute of repose is if the claimant can establish estoppel against his or her employer. *Sharon Steel Corp.; see also Duquesne Light Co. v. Diggs,* 46 Pa.Cmwlth. 58, 406 A.2d 246 (1979); *see also Ricciardi v. Workmen's Compensation Appeal Board,* 34 Pa.Cmwlth. 316, 383 A.2d 571 (1978).[5]

■ Claimant contends that the 500-week statute of repose had not expired because the time period during the pendency of his successful appeal to this Court, a period of one year, nine months, and six days, should be excluded from the running of the statute of repose.[6] In making this argument, Claimant does not cite any cases to support the proposition that the pendency of an appeal tolls the statute of repose upon another action.[7] Nor has this Court's research uncovered any such cases. Furthermore, because Claimant has offered no evidence to establish that Employer should be estopped from asserting the 500-week statute of repose, the only defense available to Claimant, the statute of repose was not tolled by the pendency of a related appeal before this Court.[8]

4. Claimant argues that we should overrule *Roussos* and its progeny because Section 413 does not create a statute of repose or a statute of limitation. Claimant does not provide this Court with any reasons why we should overrule *Roussos,* and we decline to do so here.

5. Claimant argues that, because Employer withheld benefits until September 29, 1983, the 500-week statute of repose should not have begun to run until that date. Under the plain language of Section 413, the 500-week statute of repose begins to run, not from the date of the order in which the WCJ suspends a claimant's benefits, but rather, from the effective date of that order. *Roussos.* In other words, if a WCJ orders a retroactive suspension of a claimant's benefits as of a particular date, then the 500-week statute of repose begins to run as of that date, regardless of whether the claimant received compensation beyond that time. *Roussos.*

6. While Claimant makes several arguments regarding the Board's computation and application of the 500-week statute of repose, those arguments were not specifically raised in Claimant's appeal to the Board. Nor does the Board's opinion address those arguments.

7. Claimant does refer this Court to 22 P.L.E. "Limitation of Actions" § 89 and cases cited therein. Despite Claimant's contentions, those cases suggest that the pendency of an action involving identical facts and parties may toll the statute of limitations upon another action. Here, as conceded by Claimant in his brief, the present reinstatement petition was premised upon new medical evidence and the fact that Claimant's condition had changed from partial to total disability, i.e., the facts are not the same as the previous reinstatement petition.

8. Claimant also argues that he discovered the change in his condition from partial to total disability after a medical exam performed on him on February 24, 1989. Claimant contends that this discovery was made within the 500-week statute of repose and that his reinstatement petition was filed "promptly thereafter," and therefore, should not have been dismissed. The fact that Claimant discovered the change in his disability status prior to the expiration of the statute of repose indicates that he could have timely filed his reinstatement petition. Furthermore, a two-year delay between Claimant's discovery of his condition and the filing of his reinstatement petition is anything but prompt.

Accordingly, the order of the Board dismissing Claimant's reinstatement petition as being untimely filed is affirmed.

### ORDER

AND NOW, this 14th day of April, 1997, the order of the Workers' Compensation Appeal Board at No. A94–3523, dated June 21, 1996, is affirmed.