Robert S. STEWART, Petitioner,

v.

WORKERS' COMPENSATION APPEAL BOARD (PA GLASS SAND/ U.S. SILICA and INA/CIGNA WCC), Respondents.

PA Glass Sand—U.S. Silica and INA/CIGNA, Petitioners,

v.

Workers' Compensation Appeal Board (Stewart), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 18, 1998.

Decided Feb. 2, 1999.

Mark A. Givler, Lock Haven, for petitioner.

Thomas M. Fraticelli, Harrisburg, for respondent.

Thomas C. Baumann, Pittsburgh, for amicus curiae, PA Trial Lawyers Assoc.

Before FLAHERTY, J., LEADBETTER, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

■ The issue before this Court is whether a claimant's petition for modification of benefits was untimely under Section 413 of The Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772, when the petition was not filed until five-months after the claimant had received the entirety of his 500–week statutory remedy of partial disability benefits, pursuant to Section 306 of the Act, 77 P.S. §512.

Robert S. Stewart (Claimant) and PA Glass Sand—U.S. Silica and INA/CIGNA (collectively, Employer) have filed cross-appeals from the order of the Workers' Compensation Appeal Board (WCAB) that reversed the decision of the Workers' Compensation Judge (WCJ), but denied benefits to Claimant on the basis that his petition for modification of compensation benefits was untimely. For the reasons set forth below, we affirm.

The facts are summarized as follows. Claimant worked for Employer as a crane operator in the glass-making process. On December 23, 1983, after thirty years of employment, Claimant began receiving retirement/pension benefits as well as social security disability. Claimant suffered not only from work-related silicosis, but also from non-work-related tuberculosis, which also diminished his lung capacity.

On October 11, 1984, Claimant filed a petition for total disability, alleging, *inter alia,* that he had developed breathing problems from silica, sand and dust exposure while working for Employer.[1] The claim was resolved by way of supplemental agreement dated May 1985, wherein Claimant agreed that as of September 30, 1984, his total disability had abated, he was partially disabled and that work was available within his physical limitations.[2] Given Claimant's partial disability date of September 30, 1984, his 500–weeks of partial disability benefits was scheduled to expire on April 30, 1994.

On September 24, 1994, Claimant filed a petition for modification of compensation benefits alleging change status from partial

---

1. During this time, Claimant was under the care of Jose R. Acosta, M.D.

2. The decision to enter into a supplemental agreement and the assertion that Claimant's total disability had resolved into a partial disability was consistent with the resolution of Claimant's tuberculosis condition as testified by Dr. Acosta.

disability to one of total disability as of April 30, 1994. Employer denied liability.[3]

At the hearing before the WCJ, Claimant testified as well as Dr. Acosta. Employer presented no evidence. However, the WCJ found Dr. Acosta's testimony not credible, as well as equivocal, and thus, denied Claimant's benefits. The WCJ also found Claimant had effectively retired as of September 30, 1984, because Claimant made no effort to seek employment and testified that he never intended to look for alternative work.

Claimant appealed and the WCAB reversed the WCJ's findings holding that Dr. Acosta's testimony was not equivocal and that Claimant had not retired from the work force. However, the WCAB held that Claimant's modification petition was time-barred by the statute of limitation imposed by Section 413 of the Act because Claimant's September 26, 1994 filing was in excess of the 500-week period during which he would have been entitled for a modification of benefits.

On cross-appeals filed to this Court, Employer argues that the WCAB erred in reversing the WCJ's findings that Dr. Acosta's testimony was equivocal and that Claimant had retired from the work force. Claimant argues that the WCAB erred in holding that his claim was time-barred under Section 413 of the Act.[4]

First, we will address Employer's appeal. Employer asserts that the WCAB erred in reversing the WCJ's findings that Dr. Acosta's testimony was equivocal and that Claimant had effectively retired from the work force in 1983. We have carefully reviewed the record and hold that the WCAB correctly held that the WCJ capriciously disregarded uncontradicted testimony. Further, we hold that Dr. Acosta's testimony was not equivocal as to Claimant's work-related silicosis and its progress.

However, as to Claimant's argument that his modification petition was timely, we do not agree. Claimant relies on Section 413 of the Act, for the proposition that he is entitled to file a petition for modification of benefits up to three years after the exhaustion of his remedy of partial disability benefits. Employer counters, asserting that Claimant's modification petition was untimely because it was filed nearly five-months after he had exhausted his 500–week statutory remedy of partial disability benefits. Employer asserts that because Claimant had received the entirety of his partial disability benefits and because Claimant failed to petition for modification within the 500–week period, it is relieved from any further liability. We must agree.

The Act sets forth statutes of repose, which may be raised at any time as a bar to further employer liability. *See Berisford v. Workers' Compensation Appeal Board (Jessop Steel Co.)*, 142 Pa.Cmwlth. 83, 596 A.2d 1237 (1991). Specifically, this Court has stated as follows:

> Section 413 of the Act imposes a statute of repose whereby a reinstatement petition must be filed within 500 weeks from a suspension of a claimant's benefits in order to be considered timely filed. The 500–week statute of repose not only limits a remedy, but completely and totally extinguishes a claimant's right to benefits in the first instance.

*Lopresti v. Workers' Compensation Appeal Board (Taylor Wharton Co.)*, 692 A.2d 629, 631 (Pa.Cmwlth.1997) (citations omitted). Consequently, "expiration of the statute of repose deprives the Board of jurisdiction to consider a claimant's petition and can never be waived by an employer." *Id.*

In *Bellows v. Workers' Compensation Appeal Board (Shabloski)*, 663 A.2d 267, 270

---

3. During the course of the litigation of this modification petition, Claimant challenged neither the 1985 stipulation nor the validity of the supplemental agreement. Along similar lines, Claimant did not present any evidence to establish that he could no longer perform the work that he stipulated was available to him as of September 30, 1984.

4. Where the party with the burden of proof is the only one to present evidence and, nevertheless does not prevail, our scope of review is limited to determining whether the agency erred as a matter of law or whether competent evidence was capriciously disregarded. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988).

(Pa.Cmwlth.1995), we held that "[s]ection 413 clearly states that payments may be resumed at any time during the period for which compensation for partial disability *is payable.*" (Emphasis added). Claimant suggests that *Bellows* is distinguishable because in *Bellows,* the claimant's benefits were suspended. Nevertheless, the Supreme Court has noted:

> [A]n employee who returns to work at wages equal to or greater than his pre-injury wages, and thus has his compensation suspended, is in the same position after 500 weeks, as an employee who ... received compensation for partial disability, i.e., the employer's liability for benefits is terminated.

*Dillon v. Workers' Compensation Appeal Board (Greenwich Collieries),* 536 Pa. 490, 493 n. 3, 640 A.2d 386, 392–93 n. 3 (1994).

■ Further, this Court in *Deppenbrook v. Workers' Compensation Appeal Board (Republic Steel Corp.),* 655 A.2d 1072 (Pa. Cmwlth.1995), held that a petition to reinstate benefits, after a claimant's disability payments had been suspended, was time-barred when filed after the expiration of the 500–week partial disability entitlement period. Significantly, the three-year extension for filing of modification/reinstatement petitions under Section 413, upon which Claimant relies, was inapplicable to reinstatements following suspensions and was applicable only to reinstatements following termination of benefits.

Here, upon Claimant's receipt of the entirety of his 500–week entitlement of partial disability as provided by Section 306(b) of the Act, this statutory remedy was extinguished and the three-year limitation provision in Section 413 of the Act, had no applicability and conferred no right to a resumption of benefits. *See Lopresti,* 692 A.2d at 631 (impliedly suggesting that Section 413 and 306(b) of the Act must be read in conjunction with one another). Further, Claimant's benefits were not terminated by the WCJ but, were merely extinguished by the statutory provision of Section 306(b).

Claimant also relies upon *Falls–Overfield Vocational School District v. Davis,* 8 Pa. Cmwlth. 63, 301 A.2d 118 (1973), to support

his position that he may file for modification for up to three years after the remedy had been extinguished. This case, decided in 1973, has not been explicitly overruled but has been impliedly invalidated by several later cases. For example, the Court's analysis in *Falls–Overfield* is conspicuously void of any discussion related to the statute of repose contained in Section 306(b) of the Act, which extinguishes a claimant's right to partial disability benefits after the 500–week period has expired. *Deppenbrook, Bellows* and *Roussos v. Workers' Compensation Appeal Board (St.Vincent),* 157 Pa.Cmwlth. 584, 630 A.2d 555 (1993), have all required that Section 413 be read in conjunction with Section 306(b), thus, implicitly devaluing the *Falls–Overfield* analysis.

■ Moreover, Claimant asserts that the "plain meaning" of the statute entitles him to file a petition for modification of benefits for up to three years after the receipt of his last payment. However, this Court has held that the three-year statute of limitation applies only to reinstatements following termination of benefits and that it is inapplicable to reinstatements following suspensions. *Deppenbrook.* Thus, based upon the analogy put forth in *Dillon,* the three-year time period provided by Section 413 of the Act, is also inapplicable to petitions for modification which have been filed after a claimant has exhausted his statutory remedy.

The language identified by Claimant, i.e., "after the date of the most recent payment of compensation," when read objectively cannot be viewed to encompass the "most recent payment of compensation," when the same is also the last payment to which a claimant is entitled. Claimant's reading of the statute begs the question: What is claimant seeking to modify? After the receipt of his "last" payment, a claimant is no longer statutorily entitled to receive partial disability benefits, as the 500–week benefit entitlement period has been fully exhausted. Essentially, Claimant would have this Court "modify" a benefit which is currently non-existent.

Because Claimant did not file his petition for modification of benefits until September 25, 1994, nearly five-months after his right

and remedies have been exhausted, we hold that the WCAB correctly denied his request for petition modification.

Accordingly, we affirm.

### ORDER

AND NOW, this 2nd day of February, 1999, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.