**Andrew COZZONE, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PA MUNICIPAL/EAST GOSHEN TOWNSHIP), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 2, 2011.

Decided Jan. 5, 2012.

Quintes D. Taglioli, Allentown, for petitioner.

Sharolyn L. Murphy, Ottsville, for respondent PA Municipal/East Goshen Township.

BEFORE: PELLEGRINI, Judge, and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge BROBSON.

Andrew Cozzone (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board), dated March 15, 2011. The Board reversed the decision of a Workers' Compensation Judge (WCJ), which granted Cozzone's reinstatement and penalty petitions. For

the reasons that follow, we affirm the Board's order.

On January 24, 1989, Claimant sustained serious back injuries when he fell through a roof in the course and scope of his employment for East Goshen Township (Employer). On February 6, 1989, Employer accepted Claimant's work-related injury through the issuance of a Notice of Compensation Payable (NCP). Thereafter, Claimant received total disability benefits pursuant to the NCP until September 20, 1989, when Claimant returned to his pre-injury position without a loss of earnings.[1]

On May 19, 2003, the parties entered into a supplemental agreement, reinstating Claimant's benefits for the period of February 24, 2003, to March 17, 2003. Thereafter, Claimant's benefits were again reinstated for the period of June 17, 2005, to August 29, 2005, as reflected in a notice of suspension dated August 29, 2005. Subsequently, the parties entered into another supplemental agreement on July 31, 2007, reinstating Claimant's benefits as of June 20, 2007, and continuing forward. On November 27, 2007, Claimant began working in a modified-duty capacity for a different employer, and, as a result, the parties entered into a supplemental agreement on January 7, 2008, reducing Claimant's benefits from total disability to partial disability. Claimant worked for the different employer until January 24, 2008, at which time Claimant felt that he was no longer capable of performing his modified duties.

On September 26, 2008, Claimant filed a reinstatement petition, requesting that his benefits be reinstated from partial disability to total disability, effective January 24, 2008. Employer filed an answer, denying the material allegations of Claimant's reinstatement petition, and the matter was assigned to a WCJ.[2] Claimant later filed a penalty petition on February 25, 2009, alleging that Employer violated the Act by unilaterally ceasing payment of the partial disability benefits due under the January 7, 2008 supplemental agreement on January 24, 2009. Employer filed an answer, denying the material allegations of Claimant's penalty petition, and the matter was consolidated with Claimant's reinstatement petition.

Before the WCJ, Claimant testified on his own behalf and presented the deposition testimony of Daniel Rubino, M.D., who is board-certified in pain management. In opposition, Employer presented, *inter alia*,[3] the deposition testimony of Eric Holm, M.D., who is board-certified in neurology. In addition, Employer argued that Claimant's reinstatement and penalty petitions should not be granted because Claimant's right to compensation was extinguished by the expiration of the statute of repose set forth in Section 413(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772.

By order issued February 25, 2010, the WCJ granted Claimant's reinstatement petition, finding that Claimant was no longer capable of performing the modified-duty position upon which his change from total disability to partial disability was predicated. In so finding, the WCJ credited the

---

1. Neither party produced any Bureau documents suspending Claimant's benefits as of September 20, 1989.

2. Employer filed a modification petition on May 19, 2008; however, that petition was later withdrawn.

3. Employer also presented the deposition testimony of three fact witnesses, which were offered primarily in support of Employer's modification petition. As noted above, Employer later withdrew its modification petition.

testimony of Claimant and Dr. Rubino, and rejected the testimony of Dr. Holm to the extent that it conflicted with Dr. Rubino's. The WCJ also granted Claimant's penalty petition, finding that Employer violated the Act by unilaterally ceasing payment of the partial disability benefits due under the January 7, 2008 supplemental agreement. Finally, the WCJ determined that Employer was equitably estopped from raising a statute of repose defense because Employer had lulled Claimant into believing that his compensation rights were fully protected by executing various supplemental agreements and by filing and pursuing a modification petition.

Employer appealed to the Board, arguing that the WCJ erred in determining that Employer was equitably estopped from raising a statute of repose defense to Claimant's reinstatement and penalty petitions. By order dated March 15, 2011, the Board reversed the WCJ's decision. The Board determined that the WCJ erred in applying the doctrine of equitable estoppel because Claimant's right to compensation had already been extinguished by the expiration of the statute of repose set forth in Section 413(a) of the Act by the time that Employer executed the supplemental agreements and pursued a modification petition. In other words, the Board determined that Employer's actions subsequent to the expiration of the statute of repose could not have affected Claimant's right to compensation. Thus, the Board determined that the WCJ erred in not finding that Claimant's reinstatement petition was time-barred by the statute of repose. The Board further determined that the WCJ erred in granting Claimant's penalty petition, concluding that Employer did not violate the Act by unilaterally ceasing payment of the partial disability benefits due under the January 7, 2008 supplemental agreement because Claimant's right to compensation had already been extinguished by the expiration of the statute of repose. This petition for review followed.

On appeal,[4] Claimant argues that Employer should be equitably estopped from raising a statute of repose defense. Next, Claimant argues that his reinstatement petition is not time-barred by the statute of repose because it was filed within three years of the last payment of compensation. Finally, Claimant argues that he is entitled to penalties because Employer violated the Act by unilaterally ceasing payment of his partial disability benefits. We address these issues in order.

Section 413(a) of the Act provides, in pertinent part:

A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or upon which it is shown that the status of any dependent has changed: Provided, That . . . no notice of compensation payable, agreement or award shall be reviewed, or modified,

---

4. This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition. . . . And provided further, That *where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable,* unless it be shown that the loss in earnings does not result from the disability due to the injury.

(Emphasis added.) Section 306(b) of the Act, 77 P.S. § 512, in turn, provides that compensation for partial disability is payable for a period not to exceed 500 weeks.

◼ Interpreting Sections 413(a) and 306(b) of the Act in *Lopresti v. Workers' Compensation Appeal Board (Taylor Wharton Company),* 692 A.2d 629 (Pa. Cmwlth.1997), this Court stated:

Section 413 of the Act imposes a statute of repose whereby a reinstatement petition must be filed within 500 weeks from a suspension of a claimant's benefits in order to be considered timely filed. The 500–week statute of repose not only limits a remedy, but completely and totally extinguishes a claimant's rights to benefits in the first instance. The expiration of the statute of repose deprives the Board of the jurisdiction to consider a claimant's petition and can never be waived by an employer. The purpose of the statute of repose is to encourage the prompt resolution of legal rights and to protect an employer from

having to defend against stale claims. For this reason, the only exception to the statute of repose is if the claimant can establish estoppel against his or her employer.

*Lopresti,* 692 A.2d at 631 (citations omitted). Accordingly, under Section 413(a) of the Act, where a claimant's benefits are suspended because of no current loss of earnings, said benefits may be resumed only if the claimant files a reinstatement petition within 500 weeks from the effective date of the suspension. Absent circumstances justifying application of the doctrine of equitable estoppel, a reinstatement petition filed outside of the 500–week period will be considered time-barred by the statute of repose.

◼ Here, Claimant's benefits were suspended on September 20, 1989, when Claimant returned to his pre-injury position without a loss of earnings. Pursuant to Section 413(a) of the Act, therefore, Claimant had until approximately April 1999 to file a reinstatement petition before his right to benefits was completely extinguished. Claimant, however, did not file a reinstatement petition until September 26, 2008; over nine years after the 500–week period had expired. Accordingly, unless we find that equitable estoppel applies, this Court must hold that Claimant's reinstatement petition was time-barred by the statute of repose.[5]

◼ Describing the doctrine of equitable estoppel in *Sharon Steel Corporation v. Workmen's Compensation Appeal Board (Myers),* 670 A.2d 1194 (Pa.Cmwlth. 1996),[6] this Court stated:

---

5. Whether the facts of a case give rise to the application of the doctrine of equitable estoppel is a question of law that can be addressed by both the Board and this Court on appeal. *Edgewater Steel Co. v. Workers' Comp. Appeal*

*Bd. (Beers),* 719 A.2d 812, 814 n. 5 (Pa. Cmwlth.1998).

6. Although this Court in *Sharon Steel* addressed the statute of repose set forth in Section 434 of the Act, 77 P.S. § 1001, our dis-

The doctrine of equitable estoppel applies in situations where a party, through its acts, negligently misrepresents material facts while knowing or having reason to know that the party will justifiably rely on the misrepresentation to its detriment and indeed the other party does so rely. The two essential elements of equitable estoppel which a claimant must prove by clear and convincing evidence, are, first, inducement and, second, the justifiable reliance on the inducement.

*Sharon Steel,* 670 A.2d at 1199 (citations omitted). In the context of a statute of repose under the Act, the relevant inquiry is whether the employer's words or conduct "convince[ed] [the] [c]laimant not to pursue his claim with the compensation authorities within the statutory period." *Id.* at 1200.

■ Claimant argues that equitable estoppel should apply because Employer suspended his benefits on September 20, 1989, without a supplemental agreement or WCJ's order.[7] In so arguing, Claimant does not challenge the WCJ's finding that his benefits were suspended effective September 20, 1989, or dispute that the 500–week statute of repose began to run as of that date;[8] instead, Claimant contends

cussions concerning equitable estoppel and the practical effect of a statute of repose are equally applicable to the statute of repose set forth in Section 413(a) of the Act.

7. In *Robb, Leonard, and Mulvihill v. Workers' Compensation Appeal Board (Hooper),* 746 A.2d 1175 (Pa.Cmwlth.2000), this Court stated that an employer who is obligated to pay a claimant benefits may cease paying only upon the occurrence of one of the following:

(1) a supplemental agreement is submitted pursuant to Section 408 of the Act, 77 P.S. § 732;

(2) a final receipt is submitted, signed by the claimant pursuant to Section 434 of the Act, 77 P.S. § 1001;

(3) an interlocutory order is secured from a WCJ granting a discretionary supersedeas pursuant to Section 413(a.1) and 413(a.2) of the Act, 77 P.S. § 774;

(4) a petition to suspend compensation is filed with an accompanying affidavit from the insurer that the claimant has returned to work at wages greater than or equal to his pre-injury wage pursuant to Section 413(a) of the Act, 77 P.S. § 774.2; or

(5) a final order is secured from a WCJ terminating a claimant's benefits.

*Robb, Leonard, and Mulvihill,* 746 A.2d at 1182.

8. This Court in *Bellows v. Workmen's Compensation Appeal Board (Shabloski),* 663 A.2d 267 (Pa.Cmwlth.1995), addressed the question of "when the [statute of repose] begins to run on a reinstatement petition when there is no documentary evidence of a formal termination or suspension of the claim but [the] [c]laimant did not receive compensation after he returned to work at no loss of wages." *Bellows,* 663 A.2d at 267. There, the claimant filed a reinstatement petition more than twelve years after the employer suspended his benefits due to his return to work at his pre-injury position. Pointing out that he never signed a supplemental agreement, final receipt, or any other document when he returned to work, the claimant argued that his reinstatement petition was not time-barred by the statute of repose because the employer did nothing to start the running of the statutory period. Concluding that the claimant's benefits were, in fact, suspended as of the date he returned to work at equal or greater pay, we reasoned:

Employer was entitled to a suspension of Claimant's benefits as of April 30, 1979 when Claimant returned to work at a wage equal to or in excess of his pre-injury wage. Under the plain language of Section 413 of the Act, the time period in which "the agreement or award may be resumed" must be calculated to start as of the date which the fact finder determines from the evidence that the Claimant's benefits should be suspended because his earnings "are equal to or in excess of his wages prior to the injury." A "suspension of benefits" is supported by a finding that the earning power of the claimant is no longer affected by his disability, whether it arises from his employer offering suitable replacement employment, or from the ability of the claimant to secure other suitable employment that provides equal or greater compensation.

that Employer's failure to suspend his benefits pursuant to a supplemental agreement or WCJ's order lulled him into not pursuing his claim during the statutory period because he was never notified that his right to seek reinstatement of his benefits was limited by the 500–week statute of repose. We disagree that Employer's conduct invokes equitable estoppel.

■ Here, it is undisputed that Claimant returned to his pre-injury position without a loss of earnings on September 20, 1989, and that Claimant did not receive compensation benefits after that date. Pursuant to *Bellows*, Employer was entitled to a suspension of Claimant's benefits as of September 20, 1989, notwithstanding the lack of a supplemental agreement or WCJ's order. Furthermore, Claimant does not cite to any legal authority imposing a duty on employers to notify claimants of the existence of the statute of repose. Claimant's ignorance of the law will not operate to create an estoppel. *See Nevius v. Workmen's Comp. Appeal Bd.*, 52 Pa.Cmwlth. 418, 416 A.2d 1134, 1138 (1980).

Moreover, even if we accept, *arguendo*, Claimant's contention that he was unaware of the suspension and the effect that the suspension would have on his right to seek reinstatement due to Employer's failure to provide a supplemental agreement or WCJ's order, there is no evidence of detriment. The 500–week statute of repose grants a claimant a period of approximately 9.6 years to file a reinstatement petition. Here, it is undisputed that Claimant returned to his position with Employer at no loss of earnings on September 20, 1989, and continued in that capacity until February 24, 2003, a period of approximately 14 years. Presumably, then, Claimant would not have sought reinstatement of his benefits within the 500–week statute of repose even if Employer had formally informed Claimant of its existence.

Claimant also argues that Employer should be equitably estopped from raising a statute of repose defense because Employer entered into multiple supplemental agreements reinstating Claimant's benefits and pursued a modification petition *after* the 500–week period had expired. We disagree.

As stated above, the relevant inquiry in determining whether equitable estoppel prevents an employer from raising a statute of repose defense under the Act is whether the employer's words or conduct convinced the claimant to not pursue his claim *within* the statutory period. *Sharon Steel*, 670 A.2d at 1199–1200. In other words, the claimant not pursuing his claim within the statutory period is the *detriment* that must be caused by the employer's inducement. Under the statute of repose set forth in Section 413(a) of the Act, therefore, equitable estoppel applies only where the employer's words or conduct induce the claimant to not seek reinstatement of his benefits within the 500–week period. Here, because Employer voluntarily reinstated Claimant's benefits and pursued a modification petition *after* the 500–week statute of repose had already

---

Claimant testified that he returned to work at the same job he held before he was injured. The WCJ found that Claimant returned to work on or about April 30, 1979 and that Claimant did not receive benefits beyond 1979. Therefore, Employer was entitled to a suspension of Claimant's benefits as of that date.

. . .

Claimant argues that it is bad policy to allow an employer to prevail when it unilaterally ceases paying benefits without a final receipt or order. However, the Act grants a claimant a liberal period of over nine years within which to file a petition for reinstatement.

*Id.* at 269 (emphasis in original) (citations and quotations omitted).

expired, Employer's actions could not have induced Claimant to not seek reinstatement of his benefits *within* the statutory period. Accordingly, Employer is not equitably estopped from raising a statute of repose defense.

Claimant argues, next, that his reinstatement petition is not time-barred, notwithstanding Section 413(a) of the Act's 500–week statute of repose, because it was filed within three years of his last payment of compensation. In so arguing, Claimant correctly points out that, in addition to the statute of repose discussed above, Section 413(a) of the Act also encompasses a three-year statute of limitations. Section 413(a) of the Act provides, in pertinent part: "no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition." Here, it is undisputed that Claimant filed his reinstatement petition within three years of his last payment of compensation. In fact, Claimant was receiving partial disability benefits pursuant to the January 7, 2008 supplemental agreement when he filed his reinstatement petition on September 26, 2008. Nevertheless, we must reject Claimant's argument.

▪ Addressing the interplay between Section 413(a) of the Act's 500–week statute of repose and its three-year statute of limitations in *Cicchiello v. Workers' Compensation Appeal Board (Frank L. Markel Corporation)*, 761 A.2d 210 (Pa.Cmwlth. 2000), this Court stated:

> In *Roussos* [*v. Workmen's Compensation Appeal Board (St. Vincent Health Center)*, 157 Pa.Cmwlth. 584, 630 A.2d 555 (Pa.Cmwlth.1993)], we expressly distinguished the three-year statute of limitations in Section 413 from the five-hundred week statute of repose.... We

have unambiguously held that Section 413's three-year limitation "is totally inapplicable where there has been a suspension." *Roussos*, 630 A.2d at 556 (citations omitted). Significantly, then, the three-year extension for filing of modification/reinstatement petitions under Section 413 is inapplicable to reinstatements following suspensions, ... and is applicable only to reinstatements following a termination of benefits.

*Cicchiello*, 761 A.2d at 213–14. Additionally, our Supreme Court in *Stewart v. Workers' Compensation Appeal Board (Pa. Glass Sand/US Silica and INA/CIGNA WCC)*, 562 Pa. 401, 405–06, 756 A.2d 655, 657 (2000), recounted:

> In interpreting the final sentence of Section 413(a), the Commonwealth Court has long drawn a distinction between claimants who have received the full statutory allotment of partial disability benefits, and those whose benefits were suspended during the applicable 500–week period based upon their ability to generate a pre-injury wage. As to the former category (those who have received partial disability benefits for 500 weeks), the Commonwealth Court's published opinions consistently indicate that total disability benefits are in fact available upon demonstration of deterioration in the claimant's condition, and subject to Section 413(a)'s three-year limitation commencing upon receipt of the final payment of partial disability compensation. With respect to the latter category (suspension because the claimant has regained the ability to generate his pre-injury earnings), the Commonwealth Court has consistently found that expiration of the 500–week period operates as a bar to the assertion of a subsequent claim for total disability benefits.

(Citations omitted.) Accordingly, because Claimant's benefits were suspended due to

Claimant's return to his pre-injury position without a loss of earnings, Section 413(a) of the Act's 500–week statute of repose, not its three-year statute of limitations, governs the outcome of this case. Having been filed beyond the 500–week period, therefore, Claimant's reinstatement petition is time-barred by Section 413(a) of the Act's statute of repose.

■ Claimant argues, last, that he is entitled to penalties because Employer violated the Act by unilaterally ceasing payment of the partial disability benefits due under the January 7, 2008 supplemental agreement on January 24, 2009.[9] Specifically, Claimant contends that, even if this Court determines that his reinstatement petition is time-barred by Section 413(a) of the Act's 500–week statute of repose, Employer is still obligated to pay partial disability benefits pursuant to the January 7, 2008 supplemental agreement, and, therefore, Employer violated the Act by unilaterally ceasing payment of said benefits. We disagree.

■ The imposition of penalties is authorized by Section 435(d)(i) of the Act, added by the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. § 991(d)(i), which provides:

> (d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:
>
>> (i) Employers and insurers may be penalized a sum not exceeding ten per centum *of the amount awarded* and interest accrued and payable: Provided, however, That such penalty may

be increased to fifty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

(Emphasis added.) Interpreting this language in *Jaskiewicz v. Workmen's Compensation Appeal Board (James D. Morrisey, Inc.),* 651 A.2d 623, 625–26 (Pa. Cmwlth.1994), *appeal denied,* 541 Pa. 628, 661 A.2d 875 (1995), this Court held that the phrase "of the amount awarded" indicates the General Assembly's intention to allow an award of penalties only where the claimant is awarded benefits. Thus, even if there is a violation of the Act, a penalty petition cannot be granted unless there is past compensation due the claimant upon which an award of penalties can be assessed.

Here, Claimant's right to compensation was completely extinguished by the expiration of Section 413(a) of the Act's 500–week statute of repose. Although the parties entered into a supplemental agreement on January 7, 2008, providing for the payment of partial disability benefits, that agreement had no bearing on Claimant's right to compensation under the Act. As this Court held in *Sharon Steel,* a supplemental agreement entered into after the expiration of a statute of repose is void and unenforceable, and cannot resurrect the claimant's claim. *Sharon Steel,* 670 A.2d at 1197–98. We reasoned:

> Unlike statutes of limitations, the expiration period in a statute of repose not only limits a remedy but completely and totally extinguishes the very right of a claimant to claim benefits in the first place, *even making payments made after the running of the limitation period insufficient to revive the claim.*

---

9. It is undisputed that Employer unilaterally ceased payment of the partial disability benefits due under the January 7, 2008 supplemental agreement on January 24, 2009. (R.R. at 200–02.)

*Id.* at 1197 (emphasis added). Accordingly, because the January 7, 2008 supplemental agreement is void and unenforceable under *Sharon Steel,* either Employer was no longer under any obligation to pay Claimant wage loss benefits related to his work-related injury, and, therefore, Employer did not violate the Act by unilaterally ceasing payment of Claimant's partial disability benefits, or, even if Employer violated the Act by unilaterally ceasing payment, there is no past compensation due Claimant upon which an award of penalties can be assessed. Under either scenario, Claimant is not entitled to penalties under the Act.

Accordingly, we affirm the decision of the Board.

### ORDER

AND NOW, this 5th day of January, 2012, the order of the Workers' Compensation Appeal Board, dated March 15, 2011, is hereby AFFIRMED.

### DISSENTING OPINION BY Judge PELLEGRINI.

I respectfully dissent because the statute of repose imposed by Section 413 of the Workers' Compensation Act (Act)[1] does not apply as it was filed within *"three years after the date of the most recent payment of compensation made prior to the filing of such petition . . ."*

Claimant suffered a back injury on the job in January 1989 while working as a road maintenance/truck driver/laborer for his Employer, East Goshen Township. He broke his back, had surgery and was off work for seven months. He received total disability benefits pursuant to a notice of compensation payable until September 1989 when he returned to his pre-injury job without a loss of earnings and his benefits were suspended. On May 19, 2003, Claimant and Employer entered into a supplemental agreement reinstating Claimant's total disability benefits for the period of February 24, 2003, to March 17, 2003. They were again reinstated from June 17, 2005, to August 29, 2005, but were suspended by notice of suspension dated August 29, 2005. Claimant and Employer signed another supplemental agreement on July 31, 2007, reinstating Claimant's total disability benefits as of June 20, 2007, going forward. Total disability benefits continued to be paid until the parties signed a supplemental agreement dated January 7, 2008, modifying the benefits from total disability to partial disability at a rate of $318.52 per week effective November 28, 2007, and "if the future period of disability is uncertain, then to continue at said rate until further terminated by supplemental agreement, final receipt, or

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 772. Pursuant to that provision, a claimant may file a petition to reinstate workers' compensation benefits if he or she does so within three years after the date of the last compensation benefit payment. Section 413 of the Act provides:

> A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend or terminate a notice of compensation payable, an original or supplemental agreement or award of the department or its referee . . . Provided, that . . . no notice of compensation payable, agreement or award shall be reviewed, or

modified, or *reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition . . .*

(Emphasis added.) Section 413 of the Act imposes a statute of repose where a reinstatement petition must be filed within three years after the date of the most recent payment. Section 306(b) of the Act, 77 P.S. § 512(1), provides the time period within which partial disability is payable and, therefore, within which a claimant must file a petition for reinstatement, that is, five hundred weeks.

order of a Workers' Compensation Judge, or the Workers' Compensation Appeal Board." (Reproduced Record at 8a–9a.) When Claimant returned to work on November 28, 2007, he went to work for a different employer—Point to Point Transportation, and did so in a light-duty capacity. He continued working for that employer until January 24, 2008, when he no longer felt he was physically capable of performing the light-duty work due to continued back pain.

On September 26, 2008, Claimant filed a reinstatement petition seeking to reinstate his total disability benefits effective January 2, 2008, because his injury caused a decrease in earning power as he no longer was working in a light-duty job. He later filed a penalty petition alleging that his first Employer violated the Act by ceasing payment of the partial disability benefits due him under the January 7, 2008 supplemental agreement on January 24, 2009. The Workers' Compensation Judge (WCJ) granted Claimant's petition and determined that Employer was equitably estopped from raising a statute of repose defense because it had lulled Claimant into believing that his compensation rights were fully protected by executing various supplemental agreements. The Board reversed the WCJ's decision because Claimant's right to compensation had already been extinguished by the expiration of the statute of repose found in Section 413 of the Act by the time Employer executed the supplemental agreements.

On appeal, Claimant contends that Employer should be equitably estopped from raising a statute of repose defense and that his reinstatement petition is not time-barred by the statute of repose because it was filed within three years of the last payment of compensation. He also argues that he is entitled to penalties because Employer unilaterally ceased making partial disability payments to him in violation of the Act. The majority affirms the Board, based, among other reasons, on this Court's decision in *Lopresti v. Workers' Compensation Appeal Board (Taylor Wharton Company)*, 692 A.2d 629 (Pa. Cmwlth.1997). Because the facts of this case are different from *Lopresti*, I respectfully dissent.

In *Lopresti*, the claimant was injured in 1976 and filed a reinstatement petition in November 1978 alleging a recurrence of his work-related injury. In an order dated March 21, 1983, the WCJ (then referred to as a "referee") ordered that the claimant was to receive benefits from November 1978 until February 1981 at which time they were suspended because he had returned to work with no loss of earnings. The Board affirmed, and no one appealed that decision to this Court. The employer actually paid the claimant benefits on September 29, 1983. The claimant filed another reinstatement petition in October 1984, but by order dated February 24, 1989, the referee denied the petition and terminated the employer's liability. The Board affirmed, and the claimant appealed to this Court. On June 21, 1991, we affirmed the suspension of the claimant's benefits. The claimant filed another reinstatement petition in February 1991 alleging a change in his physical condition as of February 1989. The employer alleged that it was time-barred because his benefits were suspended in February 1981, and the claimant did not file his reinstatement petition until February 1991, which was beyond the 500 weeks allowed by the statute of repose in Section 413 of the Act. The referee agreed and dismissed his petition. The Board affirmed and the claimant appealed to this Court arguing that the employer had withheld benefits until September 1983 and the 500–week statute of repose should not have begun to run until that date. On appeal, we affirmed the Board noting that

the 500–week statute of repose began to run from the effective date of the WCJ's order. We noted that the 500–week statute of repose began to run from the effective date of the WCJ's order, not the date of the order in which the WCJ suspended the claimant's benefits. "In other words, if a WCJ orders a retroactive suspension of a claimant's benefits as of a particular date, then the 500–week statute of repose begins to run as of that date, regardless of whether the claimant received compensation beyond that time." *Lopresti*, 692 A.2d at 631–632 n. 5.

However, in this case, unlike in *Lopresti*, the statute of repose is inapplicable because the supplemental agreement dated January 7, 2008, was never "terminated by supplemental agreement, final receipt, or order of a Workers' Compensation Judge, or the Workers' Compensation Appeal Board," and Employer is still required to pay Claimant modified benefits which it unilaterally stopped paying. Therefore, his reinstatement petition was filed within 500 weeks of the date of the suspension of his total disability payments which was the August 29, 2005 suspension agreement when he returned to work and his benefits were suspended. Moreover, not only is that January 7, 2008 supplemental agreement still valid, but contrary to the majority opinion's statement that "Claimant did not receive compensation after [September 3, 1989]," (majority opinion at 111), Employer last paid Claimant on June 20, 2007, pursuant to the supplemental agreement dated July 31, 2007. Because Claimant's reinstatement petition was filed within 500 weeks of his suspension of benefits and within three years of his last payment, I would reverse the Board.

Accordingly, I respectfully dissent.